**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| ) | |
| **GREGORY CANNON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civ. Action No. 14-cv-12546** |
| ) | |
| ) | |
| **AETNA LIFE INSURANCE COMPANY and** ) | |
| **PHARMERICA LONG TERM DISABILITY** ) | |
| **PLAN,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                           **June 17, 2015**

**I.      Introduction**

Plaintiff Gregory Cannon ("Cannon") brings this action against Aetna Life Insurance Company ("Aetna") and Pharmerica Long Term Disability Plan (the "Plan") (collectively, the "Defendants") alleging the unlawful denial of benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et. seq.*  D. 1.  The Defendants move to dismiss or, in the alternative, to stay the case.  D. 15.  For the reasons stated below, the Court DENIES the motion to dismiss and ALLOWS the motion to stay.

**II.     Standard of Review**

In considering a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court will dismiss a pleading that fails to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To state a plausible claim, a claim need not contain detailed factual

1

allegations, but it must recite facts sufficient to at least "raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original). At bottom, a claim must contain sufficient factual matter that, accepted as true, would allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "[i]n determining whether a [pleading] crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.' . . . This context-specific inquiry does not demand 'a high degree of factual specificity.'" García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (internal citations omitted).

## III.     Factual Background

Unless otherwise indicated, the facts are as alleged in the complaint and taken as true for the purpose of the pending motion. Cannon, formerly a pharmacist, stopped working on August 18, 2010 because he suffered from multiple ailments. D. 1 ¶ 18. He was insured under the Plan, which was administered by Aetna. Id. ¶¶ 6, 10. Cannon received short term disability ("STD") benefits from Aetna from August 18, 2010 through October 3, 2010. Id. ¶ 19. Aetna terminated Cannon's STD benefits effective October 4, 2010, stating that Cannon was not "totally disabled" as defined by the terms of the Plan. Id. ¶ 20.

On May 24, 2011, Cannon's counsel requested that Aetna review Cannon's eligibility for long term disability ("LTD") benefits and provided supporting documentation. Id. ¶ 24. Aetna

did not respond.  Id. ¶ 25.  At some point after Cannon's counsel sent a follow-up letter, counsel received a voice mail from an Aetna employee stating that Aetna refused to review Cannon's claim.  Id. ¶ 27.  On July 27, 2011, counsel again wrote to Aetna, including additional medical information and LTD application forms.  Id. ¶ 28.  Counsel submitted further information in December 2011 and January 2012.  Id. ¶¶ 30, 32.  Aetna has not provided a written response to Cannon's request for LTD benefits.  Id. ¶ 37.

## IV.    Procedural History

Cannon initiated this action on June 17, 2014.  D. 1.  The Defendants have now moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  D. 15.  The Court held a hearing on the pending motion and took the matter under advisement.  D. 28.

Cannon has a related matter pending before this Court.  On March 21, 2012, Cannon sued Aetna, the Plan and Pharmerica Temporary Disability Income Plan seeking to recover both LTD and STD benefits.  See Civ. Action No. 12-cv-10512-DJC, D. 1.  On February 18, 2013, the parties to that action stipulated to a dismissal without prejudice of Cannon's claim for LTD benefits.  Id., D. 35.  On September 17, 2013, the Court ordered that Cannon's case be remanded to Aetna "to allow the independent, reviewing physicians . . . to update their reports after the record is supplemented with the additional medical records . . ., including records from Cannon's primary care physician."  Id., D. 52 at 24.  Upon its supplemental review, Aetna upheld its decision to deny STD benefits to Cannon.  See id., D. 61.  The defendants in the related matter have moved for summary judgment, id., D. 86, and Cannon has responded with his own motion for summary judgment, id., D. 88 (filed under seal).  The Court will hold a hearing on both pending summary judgment motions on July 15, 2015.  Id., D. 95.

## V.     Discussion

### A.     Exhaustion of administrative remedies

The Defendants first argue that Cannon failed to exhaust his administrative remedies because he did not pursue an administrative appeal.  D. 16 at 7.  Exhaustion of administrative remedies is required before a plaintiff may assert an ERISA claim.  Drinkwater v. Metro. Life Ins. Co., 846 F.2d 821, 826 (1st Cir. 1988); Botelho v. Liberty Life Assur. Co. of Boston, No. 11-11801-GAO, 2012 WL 3929983, at * 1 (D. Mass. Sep. 10, 2012) (stating that "it is well settled in this circuit that a plaintiff seeking to assert an ERISA claim to recover benefits must first exhaust his administrative remedies").

According to the facts alleged, however, Aetna did not provide notice in writing of the denial of Cannon's claim for LTD benefits.  Such notice is required by the ERISA statute, which states that a plan "shall . . . provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant."  29 U.S.C. § 1133(1).  Moreover, the regulations promulgated pursuant to ERISA require a plan administrator to notify a claimant of a denial of benefits "within a reasonable period of time, but not later than 90 days after receipt of the claim by the plan."  29 C.F.R. § 2560.503-1(f)(1).  The regulations further require that "the plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination," such notice to include the reasons for the denial, the plan provisions on which the decision was based, a description of any materials that would allow the claimant to perfect the claim, and an explanation of the appeal process.  Id. § 2560.503-1(g).  "All of these notice provisions serve an obvious purpose:  they seek to notify the claimant of what he or she will need to do to effectively make out a benefits claim and to take an

administrative appeal from a denial." <u>Bard v. Boston Shipping Ass'n.</u>, 471 F.3d 229, 239 (1st Cir. 2006). Cannon alleges that Aetna never provided the statutorily required denial of his LTD benefits application. D. 1 ¶ 37.

Although Aetna allegedly did not abide by ERISA's notice requirements, the Court must further inquire as to whether Cannon was prejudiced by the failure of notice. <u>See</u> <u>Bard</u>, 471 F.3d at 241 (addressing whether claimant was prejudiced by failure of notice, but declining to decide whether such a showing is always required). "ERISA's notice requirements are not meant to create a system of strict liability for formal notice failures." <u>Terry v. Bayer Corp.</u>, 145 F.3d 28, 39 (1st Cir. 1998). "[A]llowing a claim for relief because of inadequacy of formal notice without any showing that a precisely correct form of notice would have made a difference would result in benefit claims outcomes inconsistent with ERISA aims of providing secure funding of employee benefit plans." <u>Id.</u> (quoting <u>Recupero v. New England Tel. & Tel. Co.</u>, 118 F.3d 820, 840 (1st Cir. 1997)). "Substantial compliance with the regulations is sufficient . . . . [W]as the beneficiary supplied with a statement of reasons that, under the circumstances of the case, permitted a sufficiently clear understanding of the administrator's position to permit effective review[?]" <u>Id.</u> (quoting <u>Donato v. Metro. Life Ins. Co.</u>, 19 F.3d 375, 382 (7th Cir. 1994), <u>overruled in part on other grounds by</u> <u>Diaz v. Prudential Ins. Co. of Am.</u>, 424 F.3d 635, 640 (7th Cir. 2005) (internal quotation marks omitted)). Here, Cannon alleges that, not only did Aetna not substantially comply with the regulations, it did not comply at all. As alleged, Cannon was not afforded "a sufficiently clear understanding" of the reasons for the denial, and, therefore, he was prejudiced by the alleged failure of notice. <u>McCarthy v. Commerce Group, Inc.</u>, 831 F. Supp. 2d 459, 484 (D. Mass. 2011) (concluding inadequate denial notice prejudiced claimant and

prevented her from engaging in "meaningful dialogue called for by the regulations") (internal quotation marks omitted).

The Defendants also argue that Aetna's denial of Cannon's STD benefits was also a tacit denial of Cannon's LTD application and thus no formal notification of denial was required. D. 16 at 8-9. The Defendants, however, rely on a series of cases that appear inapposite because the claimants received notices of adverse determinations with respect to LTD benefits, even if the denials were based on a denial of STD benefits, or because LTD benefits were not at issue. See Wright v. R.R. Donnelley & Sons Co. Group Benefits Plan, 402 F.3d 67, 72 (1st Cir. 2005) (denial letters for STD and LTD benefits issued same day, with both denials due to plaintiff's lack of occupational limitations); Lewis v. Aetna Life Ins. Co., No. CV-11-J-1656-NE, 2012 WL 4815540, at * 2 (N.D. Ala. Oct. 10, 2012) (noting, without further discussion, that plaintiff was ineligible for LTD benefits because she did not qualify for STD benefits); Ferry v. Prudential Ins. Co. of Am., No. 2:10-cv-211-GZS, 2011 WL 4828816, at * 3 (D. Me. Oct. 10, 2011) (defendant disallowed plaintiff's LTD benefits claim because STD benefits terminated); Escobar Galíndez v. Ortho Pharm., 328 F. Supp. 2d 213, 227, 229 (D.P.R. 2004) (denying summary judgment where court could not determine plaintiff's eligibility for LTD benefits and indicating that an appeal of the denial of STD benefits might also encompass an appeal of the tacit denial of LTD benefits where LTD benefits not allowed unless claimant received STD benefits for more than 26 weeks, but also noting that plan provided that failure of notification should be considered a denial).

The Defendants' reliance on Smith v. Weekly Disability Income Ins. for Employees of Friends of KEXP, No. C09-0937-JCC, 2010 WL 890068, at * 3 (W.D. Wash. Mar. 9, 2010), is also misplaced. There the court invoked the futility exception to the requirement that the

plaintiff exhaust her administrative remedies.  Id.  The court denied the defendant's summary judgment motion because the plaintiff's LTD claim "would be doomed to fail" and denial of STD benefits "can be seen to constitute a tacit denial of long-term benefits."  Id.  Applying Smith's logic, while Aetna would be excused from formally denying Cannon's claim, it is difficult to see how dismissal here would be warranted solely on failure to exhaust grounds where with no formal denial of the LTD claim, Cannon could not have reasonably exhausted his administrative remedies.  As discussed below, however, dismissal may be warranted on other grounds.  See Section C, infra.

**B.    Findings in companion case**

The Defendants next argue that, based on the Court's findings in Cannon's other proceeding, he cannot meet the 180-day elimination period required to receive LTD benefits.  D. 16 at 10-12.  The Court's ruling on the parties' summary judgment motion in Cannon's case regarding STD benefits considered whether Aetna's failure to conduct a vocational review rendered the decision to deny benefits arbitrary and capricious.  Civ. Action No. 12-cv-10512, D. 52 at 22-24.  The Court concluded that "there was no need for a vocational review" because "the record did not demonstrate that Cannon would be unable to perform any physical level of work; therefore Cannon would be able to perform the material duties of his own occupation."  Id. at 24. The Defendants argue that the Court's conclusion shows that Cannon cannot establish that he satisfies the Plan's definition of disability, which requires him to demonstrate that he was unable to perform the material duties of his occupation during the 180-day elimination period.  Id. at 11.

The issue before the Court, however, was not Cannon's eligibility for STD benefits; it was whether Aetna's termination of Cannon's STD benefits was procedurally flawed by Aetna's failure to perform an adequate vocational review.  Id. at 20.  The Court concluded that, while the

decision not to conduct a vocational review was not arbitrary and capricious, the Defendants also were not entitled to summary judgment.  Id. at 24.  The Court remanded the case to allow Aetna to review a supplemented record.  Id.  Cannon's claim for STD benefits has yet to be resolved. Whether Aetna's termination of Cannon's STD benefits was proper has not been adjudicated, and, therefore, his eligibility for STD benefits, or lack thereof, cannot form the basis on which to dismiss this present action for LTD benefits.  Cf. Downey v. Aetna Life Ins. Co., No. 12-10144-RWZ, 2013 WL 6147202, at * 2 (D. Mass. Nov. 22, 2013) (allowing summary judgment where plaintiff had been denied LTD benefits and could not satisfy elimination period because "[n]either Aetna or this court has found plaintiff disabled for any period of time"); Mack v. Metro. Life Ins. Co., No. 8:08-cv-595-T-30EAJ, 2008 WL 2952887, at * 3 (M.D. Fla. July 30, 2008) (concluding plaintiff's claim for LTD benefits was *res judicata* where the court had "clearly ruled" that plaintiff was not entitled to STD benefits).

### C.     Stay

The Defendants urge the Court to exercise its discretion to stay this proceeding until Cannon's suit pursuing STD benefits is resolved because its disposition may affect this case.  D. 16 at 12-13.  "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  Clinton v. Jones, 520 U.S. 681, 706 (1997).  The Court agrees that it makes sense to stay this proceeding until summary judgment, scheduled to be heard next month, has been resolved in the companion case.  The parties will have the benefit of the Court's decision on Cannon's STD benefits claim in deciding how to proceed with respect to his claim for LTD benefits.  The stay is particularly appropriate where there appears to be a question as to whether Cannon is capable of satisfying the requirements for LTD benefits if he cannot meet the prerequisites of STD benefits.

## VI.     Conclusion

For the foregoing reasons, the Court DENIES the Defendants' motion to dismiss and

ALLOWS the Defendants' motion to stay the proceeding, D. 15.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge